# EXHIBIT A

# IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS, MISSOURI

**A.J**

Plaintiff,

v.

Case No. 2622 CC00698

**BMW FINANCIAL SERVICES NA, LLC,**

**IMAGE RECOVERY**

**and JOHN DOE POLICE OFFICERS 1-5,**

Defendants.

## VERIFIED PETITION FOR REPLEVIN AND DAMAGES PURSUANT TO MO. REV. STAT. § 533.010 ET SEQ.

## <u>PARTIES</u>

1. Plaintiff **A.J** ("Plaintiff") is an individual residing in the City of St. Louis, Missouri, who recently relocated to Missouri and has no established support network, no alternative transportation, and no other means of obtaining emergency mobility in the St. Louis metropolitan area.

2. **BMW Financial Services NA, LLC** ("BMW FS") is a foreign limited liability company engaged in automobile financing, doing business in Missouri, which held a security interest in the subject vehicle pursuant to a lease/financing agreement.

3. **Image Recovery Service Inc.** ("Repossession Agent") is a towing and repossession company hired, directed, and controlled by BMW FS to take possession of Plaintiff's vehicle on or about March 19th, 2026

4. **John Doe Police Officers 1–5** are officers of the St. Louis Police Department whose identities Plaintiff will obtain through discovery, who responded to the scene and actively participated in the unlawful repossession of Plaintiff's vehicle.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to Mo. Rev. Stat. § 533.010, which grants circuit courts original jurisdiction over replevin actions.

6. Venue is proper in the City of St. Louis, Missouri, as Plaintiff resides here, the unlawful repossession occurred within this jurisdiction, and the subject vehicle is currently located within this jurisdiction or in the custody of parties operating within this jurisdiction.

## THE SUBJECT VEHICLE

7. The subject vehicle ("Vehicle") is: **2026 BMW ix** VIN: [WB553CF07TCV17803], which has an approximate fair market value of **$95,000–$100,000**. The Vehicle is an electric vehicle and  financed/leased through BMW FS.

8. At all times relevant herein, Plaintiff had lawful possession and use of the Vehicle pursuant to her financing/lease agreement, and had not voluntarily surrendered possession.

9. The Vehicle currently contains critical personal property belonging to Plaintiff, including but not limited to medical equipment, medical supplies, and other personal effects that are not collateral under any security agreement with BMW FS.

## FACTUAL ALLEGATIONS

10. On or about March 19th, 2026, a repossession agent employed by and acting on behalf of BMW FS and Image Recovery Service Inc. approached Plaintiff's vehicle while she was parked in a Burger King parking lot.

11. **Plaintiff was physically present inside the Vehicle** at the time the repossession agent approached and attempted to take the Vehicle. Said Agent hooked up his tow to the vehicle while Plaintiff was in the car freighting the Plaintiff. Immediately the low tire light came on. Later when police ordered plaintiff out the car she noticed her tire was going flat. Plaintiff begged the tow to bag up to no avail.

12. **Plaintiff expressly, clearly, and verbally refused consent to the repossession** and communicated her objection directly to the repossession agent. Plaintiff did not voluntarily exit or surrender the Vehicle.

13. Rather than abandon the repossession attempt as required by law upon Plaintiff's verbal objection, the repossession agent called law enforcement to the scene.

14. Responding law enforcement officers **threatened Plaintiff with arrest, physically removed Plaintiff from the Vehicle, handcuffed Plaintiff,** and **searched both Plaintiff's**

**person and her Vehicle** — all in furtherance of and to coerce the completion of BMW FS's private repossession.

15. The Vehicle was taken by Defendants only after this physical coercion and police-assisted intimidation, over Plaintiff's repeated objections.

16. Plaintiff is a documented victim of human trafficking, recently relocated to Missouri, and is presently indigent as a result of a pending insurance claim that constitutes her primary financial resource. Plaintiff has no alternative means of transportation and no support network in Missouri.

17. As of the date of this filing, Plaintiff has not received written notice of the date, time, and place of any intended sale or disposition of the Vehicle as required under Mo. Rev. Stat. § 400.9-611 (UCC § 9-611). The failure to provide such notice is itself an independent violation.

18. BMW FS has demanded approximately $660.00 as a condition for Plaintiff to retrieve her personal property — including medical supplies — from the Vehicle, despite the fact that such property is not collateral subject to any security interest.

## LEGAL CLAIMS

## Count I — Wrongful Repossession / Breach of Peace (Mo. Rev. Stat. § 400.9-609; UCC § 9-609)

19. Missouri law permits a secured party to take possession of collateral after default only if it proceeds without breach of the peace. Mo. Rev. Stat. § 400.9-609.

20. **A verbal objection by the debtor constitutes breach of the peace,** terminating the right to self-help repossession. Once Plaintiff verbally refused, the repossession became unlawful as a matter of law.

21. The involvement of law enforcement to physically coerce a debtor into surrendering a vehicle constitutes a quintessential breach of the peace, converting an otherwise private transaction into state-sanctioned coercion.

22. **Having breached the peace, BMW FS forfeited its self-help remedy entirely** and was required to obtain a court order to recover the Vehicle. It did not do so. It may not now retain possession of the Vehicle through any mechanism that substitutes for the judicial process it was obligated to pursue.

## Count II — Conversion

23. By wrongfully taking and retaining the Vehicle after breaching the peace and forfeiting its self-help remedy, Defendants exercised unauthorized dominion over Plaintiff's property, constituting common law conversion under Missouri law.

24. Defendants' retention of Plaintiff's personal property within the Vehicle, and their demand for $660 to release non-collateral items, constitutes a separate act of conversion.

## Count III — Civil Rights Violation, 42 U.S.C. § 1983 (State Action / Joint Action)

25. The John Doe Police Officers acted under color of state law when they responded to the repossession scene, threatened Plaintiff with arrest, physically removed her from the Vehicle, handcuffed her, and searched her person and Vehicle.

26. Under *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982), a private party acts under color of state law when acting in concert with state officials. BMW FS and the Repossession Agent acted jointly with state actors, making them liable under § 1983.

27. Plaintiff was deprived of her Fourth Amendment right to be free from unreasonable seizure, her Fourteenth Amendment right to due process, and her liberty interest in her property — all without any court order, legal process, or lawful authority.

## Count IV — Trespass to Chattel

28. Defendants intentionally interfered with Plaintiff's possessory interest in the Vehicle and her personal property therein, causing direct harm to Plaintiff's property rights.

## Count V — Fraud / Misrepresentation (Contract)

29. Plaintiff is informed and believes that the financing/lease agreement executed with BMW FS and/or the BMW dealership contains material misrepresentations including but not limited to:

(a) a false or fabricated down payment figure reported to tax authorities; (b) misrepresentation of the federal EV tax credit applicable to the Vehicle; and (c)

misrepresentation of whether the transaction constituted a sale or a lease. Plaintiff reserves the right to amend this Petition upon completion of discovery.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

**A.** Issue an immediate Ex Parte Order for Replevin directing Defendants to return the Vehicle to Plaintiff forthwith, without awaiting service of process on Defendants, based on the urgency of imminent auction and irreparable harm;

**B.** Waive the bond requirement entirely, or in the alternative set a nominal bond not to exceed $100, given Plaintiff's indigent status and the fact that any substantial bond would effectively deny Plaintiff access to judicial relief;

**C.** Issue a separate Order directing Defendants to immediately release all of Plaintiff's personal property from the Vehicle at no charge, as such property constitutes non-collateral items to which Defendants have no legal claim;

**D.** Prohibit Defendants from selling, transferring, auctioning, or otherwise disposing of the Vehicle pending resolution of this action;

**E.** If Defendants seek to retain the Vehicle via counter-bond, find that BMW FS forfeited its right to any such mechanism by breaching the peace and failing to pursue judicial process as required by law;

**F.** Award Plaintiff actual damages, statutory damages, punitive damages, and all other damages available under Missouri law and 42 U.S.C. § 1983;

**G.** Award Plaintiff her costs of suit; and

**H.** Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ ADRIAN JOHNSON

Plaintiff, Pro Se

812 S Theresa Ave

St. Louis, Missouri 63103

475-261-3946

Experthands832@protonmail.com

**VERIFICATION**

I, **ADRIAN JOHNSON** being duly sworn, declare under the penalty of perjury, and state that I

am the Plaintiff in the above-captioned matter and that the facts alleged in this Petition are true

and correct to the best of my knowledge, information, and belief.

**/s/ ADRIAN JOHNSON**

**Fw: <Secure>URGENT!!!! Emergent verified Complaint for Replevin Please forward to judge for immediate review**

STL Circuit Clerk  to Cassie M Ritz                                                                2026 APR -8    04/06/2026 07:02 AM

Sent by  Patrick Thomasson

Cc          Kenneth Steinkamp

same person

----- Forwarded by Patrick Thomasson/22/Courts/Judicial on 04/06/2026 07:02 AM -----

From:        "Adrian Johnson via Proofpoint" <secureemail@courts.mo.gov>
To:           STLCircuitClerk@courts.mo.gov
Date:        04/03/2026 12:25 PM
Subject:    FWD: <Secure>URGENT!!!! Emergent verified Complaint for Replevin  Please forward to judge for immediate review

Please forward immediately to on call judge !!

**From:** Adrian Johnson via Proofpoint
**Sent:** Fri, 3 Apr 2026 16:58:33 +0000
**To:** STLCircuitClerk@courts.mo.gov
**Cc:** Myalove612@icloud.com
**Subject:** URGENT!!!! Emergent verified Complaint for Replevin Please forward to judge for immediate review

This message was sent encrypted using Proofpoint Encryption.

This message was sent encrypted using Proofpoint Encryption.

Hello, so I am asking if this verified complaint and the following emails that I will be sending here shortly be put in front of a judge for immediate review as this is an urgent

matter if you have any questions, you can call me at 475-261-3946    BMWReplivin.pdf

ReplevinFiling Complete.pdf

**Fw: <Secure>URGENT!!!! Emergent verified Complaint for Replevin Please forward to judge for immediate review**

STL Circuit Clerk  to Cassie M Ritz                                                          04/06/2026 07:02 AM

Sent by  **Patrick Thomasson**

Cc        Kenneth Steinkamp

Please see e mail below.
----- Forwarded by Patrick Thomasson/22/Courts/Judicial on 04/06/2026 07:01 AM -----

| | |
|---|---|
| From: | "Adrian Johnson via Proofpoint" <secureemail@courts.mo.gov> |
| To: | STLCircuitClerk@courts.mo.gov |
| Cc: | Myalove612@icloud.com |
| Date: | 04/03/2026 11:58 AM |
| Subject: | <Secure>URGENT!!!! Emergent verified Complaint for Replevin  Please forward to judge for immediate review |

This message was sent encrypted using Proofpoint Encryption.

Hello, so I am asking if this verified complaint and the following emails that I will be sending here shortly be put in front of a judge for immediate review as this is an urgent

matter if you have any questions, you can call me at 475-261-3946  BMWReplivin.pdf

**Fw: <Secure>Emergency Replevin Filing**

**STL Circuit Clerk**  to Cassie M Ritz                                                                    04/06/2026 07:03 AM

Sent by  **Patrick Thomasson**

Cc         Kenneth Steinkamp

---

**same** person

----- Forwarded by Patrick Thomasson/22/Courts/Judicial on 04/06/2026 07:03 AM -----

From:        "Adrian Johnson via Proofpoint" <secureemail@courts.mo.gov>
To:          STLCircuitClerk@courts.mo.gov
Cc:          myalove612@icloud.com
Date:        04/03/2026 03:18 PM
Subject:     <Secure>Emergency Replevin Filing

---

This message was sent encrypted using Proofpoint Encryption.

Please forward to the duty judge for immediate review! Thanks youn          ReplevinFiling Complete.pdf

# IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS, MISSOURI

A.J

Plaintiff,

v.

Case No. 2622-cc 00698

BMW FINANCIAL SERVICES NA, LLC,

IMAGE RECOVERY SERVICE INC.,

and JOHN DOE POLICE OFFICERS 1-5,

Defendants.

## EMERGENCY MOTION FOR IMMEDIATE RELEASE OF PLAINTIFF'S PERSONAL PROPERTY FROM VEHICLE

### INTRODUCTION

Separate and apart from her claim to the Vehicle itself, Plaintiff moves this Court for an immediate Order directing Defendants to release all of Plaintiff's personal property — including medical equipment and supplies — from the Vehicle forthwith, and at no charge. Defendants

have no legal right to hold Plaintiff's non-collateral personal property hostage, and their demand

for $660.00 as a condition of access is unlawful.

## ARGUMENT

### I. Non-Collateral Personal Property Is Not Subject to Any Security Interest

BMW FS's security interest — whether arising under a lease or financing agreement — extends

only to the Vehicle itself. It does not extend to Plaintiff's personal belongings inside the Vehicle.

Clothing, medical equipment, medical supplies, personal documents, and other personal effects

are not collateral under any security agreement and cannot be held by BMW FS or its agents as

security for any debt or obligation.

### II. Conditioning Release on Payment Is Conversion

By conditioning Plaintiff's access to her own non-collateral property on the payment of $660.00,

Defendants are exercising unauthorized dominion over Plaintiff's property. This is conversion

under Missouri law, entirely separate from and in addition to the wrongful repossession of the

Vehicle.

### III. Medical Necessity Creates Independent Irreparable Harm

Plaintiff's medical supplies and equipment are inside the Vehicle. The denial of access to medical property cannot be remedied by money damages after the fact. The harm is immediate, ongoing, and irreparable. This Court has both the authority and the obligation to act on an emergency basis to prevent ongoing harm to Plaintiff's health.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court issue an immediate Order:

A.  Directing Defendants to immediately allow Plaintiff access to the Vehicle to retrieve all personal property not constituting collateral under any security agreement;

B.  Prohibiting Defendants from charging any fee as a condition of such access;

C.  Directing that such access occur within 24 hours of service of this Order, at a time and location to be coordinated with Plaintiff; and

D.  Granting such other and further relief as the Court deems just.

Respectfully submitted,

**ADRIAN JOHNSON**

Plaintiff, Pro Se | St. Louis, Missouri

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of April , 2026, I filed the foregoing documents

with the Clerk of the Circuit Court of the City of St. Louis, Missouri, and that I will serve copies

upon Defendants as required by law.

_____

# IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS, MISSOURI

A.J

Plaintiff,

v.                                                     Case No. 2622-CC00698

**BMW FINANCIAL SERVICES NA, LLC,**

**IMAGE RECOVERY SERVICE INC,**

**and JOHN DOE POLICE OFFICERS 1-5,**

Defendants.

## MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff respectfully moves this Court for permission to proceed under a pseudonym in this matter, and in support states as follows:

1. Plaintiff seeks permission to proceed under a pseudonym due to the highly sensitive nature of the facts involved, including Plaintiff's documented status as a victim of human trafficking, gender identity considerations, medical information, and associated privacy concerns.

2. Plaintiff has previously provided clear and documented evidence of trafficking survivor status, and explicit details of Plaintiff's identity, if disclosed publicly, would create significant risk of further harm, stigma, emotional distress, and personal and professional repercussions.

3. Courts have consistently allowed plaintiffs in similar circumstances—particularly involving human trafficking survivors, sensitive medical conditions, or gender identity— to proceed anonymously to protect their safety, privacy, and dignity.

4. Allowing Plaintiff to proceed under pseudonym will cause no prejudice to Defendants. Defendants have full access to Plaintiff's true identity and pertinent information necessary to defend this action.

5. The public's interest in open proceedings is outweighed by Plaintiff's substantial interest in preserving privacy, safety, and security, particularly given the sensitive nature of Plaintiff's claims.

WHEREFORE, Plaintiff respectfully requests this Court grant this Motion to Proceed Under Pseudonym, permitting Plaintiff to proceed anonymously and issue an order prohibiting disclosure of Plaintiff's true identity in publicly filed documents and communications.

Respectfully submitted,

**ADRIAN JOHNSON**

Plaintiff, Pro Se | St. Louis, Missouri

# IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS, MISSOURI

A.J

Plaintiff,

v.                                          Case No. 2622-CC00698

BMW FINANCIAL SERVICES NA, LLC,

IMAGE RECOVERY SERVICE, Inc

and JOHN DOE POLICE OFFICERS 1-5,

Defendants.

---

## PLAINTIFF'S MOTION TO WAIVE REPLEVIN BOND OR IN THE ALTERNATIVE TO SET A NOMINAL BOND

## INTRODUCTION

Missouri's replevin statute, Mo. Rev. Stat. § 533.060, generally requires a plaintiff to post bond before a writ of replevin issues. Plaintiff respectfully moves this Court to waive the bond requirement entirely, or in the alternative to set a nominal bond not to exceed $100.00. A bond in any substantial amount would constitute a complete denial of Plaintiff's right to access this Court — a result that violates due process under *Fuentes v. Shevin*, 407 U.S. 67 (1972), and its progeny.

## ARGUMENT

### I.  A Prohibitive Bond Effectively Denies Access to the Courts

The Supreme Court established in *Fuentes v. Shevin*, 407 U.S. 67 (1972), that depriving a person of property without a meaningful opportunity to be heard violates the Due Process Clause of the Fourteenth Amendment. Where a bond requirement is set so high that an indigent plaintiff cannot pay it, the court has in practical effect denied that plaintiff any remedy — transforming the right to seek replevin into a right available only to those who can afford it.

Plaintiff is presently indigent. Her primary financial resource — a substantial insurance claim — is pending resolution. She has no income. She has no savings sufficient to post bond on a $95,000–$100,000 vehicle. A statutory bond at double the vehicle's value would be approximately $190,000–$200,000. This is not a bond — it is a wall.

### II.  The Harm Flows Entirely From Defendants' Unlawful Conduct

The purpose of a replevin bond is to protect the defendant against loss if it turns out the plaintiff was not entitled to the property. That protective rationale is significantly undercut where — as here — the defendant obtained possession through its own unlawful conduct. BMW FS breached the peace. It forfeited its self-help remedy. It is not an innocent party protecting a legitimate

interest. It is a wrongdoer seeking to retain the fruits of its violation. Courts have wide equitable discretion to deny or reduce bond requirements in precisely this circumstance.

## III. Plaintiff's Circumstances Warrant Special Consideration

Plaintiff is a documented victim of human trafficking, a widow, a recent Missouri transplant with no local support network, and is actively engaged in a pending insurance claim that constitutes her primary financial resource. These are not abstract circumstances — they are the direct reason Plaintiff cannot post a substantial bond, and they are circumstances that Defendants' conduct has materially worsened.

## IV. Courts Routinely Exercise Discretion to Set Nominal Bonds

Missouri courts have equitable power to set bonds at nominal levels in extraordinary circumstances. Courts in other jurisdictions applying analogous replevin statutes have recognized that a nominal bond — often $1.00 to $100.00 — adequately protects the defendant's interest while preserving the plaintiff's constitutional right of access where the plaintiff's case is strong and a full bond would be prohibitive. Plaintiff's case on the merits is exceptionally strong: the breach of peace is documented by police involvement and Plaintiff's verbal refusal while physically inside the Vehicle.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court waive the bond requirement in its entirety, or in the alternative set a nominal bond not to exceed $100.00, and grant such other and further relief as the Court deems just.

Respectfully submitted,

/s/ **ADRIAN JOHNSON**

Plaintiff, Pro Se | St. Louis, Missouri

Not an Official Court Document

# IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS, MISSOURI

A.J

Plaintiff,

v.

Case No. 2622-CC00698

BMW FINANCIAL SERVICES NA, LLC,

IMAGE RECOVERY SERVICE INC.

and JOHN DOE POLICE OFFICERS 1-5,

Defendants.

## PLAINTIFF'S EMERGENCY MOTION FOR EX PARTE ORDER OF REPLEVIN AND REQUEST FOR SAME-DAY HEARING

## INTRODUCTION

Plaintiff moves this Court for an immediate ex parte Order of Replevin directing the return of her Vehicle, which was unlawfully seized by Defendants approximately eleven (11) days ago in clear violation of Missouri's breach-of-peace prohibition on self-help repossession. This motion is brought ex parte because every day that passes increases the risk of irreversible harm through auction, damage to the Vehicle, or permanent loss of Plaintiff's medical property therein.

## LEGAL STANDARD

Missouri Rule of Civil Procedure 92.02 and Mo. Rev. Stat. § 533.020 authorize this Court to issue an ex parte writ of replevin where the plaintiff demonstrates (1) a right to possession of the property, (2) that the property is wrongfully detained, (3) a description of the property, and (4) the approximate value of the property. Emergency ex parte relief is warranted where notice to the adverse party would render the relief ineffective — i.e., where the property may be sold, transferred, or destroyed before a hearing can be held.

## GROUNDS FOR EX PARTE RELIEF

1. **Imminent Auction Risk.** Plaintiff has not received the required pre-sale notice under Mo. Rev. Stat. § 400.9-611. Defendants may sell the Vehicle at any time, without further notice to Plaintiff. Once sold, this Court cannot restore the Vehicle to Plaintiff. The harm is irreversible.

2. **Medical Property at Risk.** Plaintiff's medical supplies and medical equipment remain inside the Vehicle. Plaintiff has no access to these items and Defendants are conditioning their return on payment of $660.00 — a condition that has no legal basis for non-collateral personal property. Continued denial of access to medical property constitutes ongoing irreparable harm.

3. **Clear Breach of Peace on the Face of the Facts.** Plaintiff was physically inside the Vehicle when the tow hooked up to her vehicle.. Plaintiff verbally refused. Police were called, Plaintiff was handcuffed, and the Vehicle was taken by force and damaged while doing it.

These facts establish a breach of peace under UCC § 9-609 on their face, making Plaintiff's likelihood of success on the merits extremely high.

4. **BMW Forfeited Self-Help Remedy.** Having breached the peace, BMW FS was legally required to obtain a court order to recover the Vehicle. It did not. It therefore holds the Vehicle without any current legal authority. Plaintiff, conversely, had lawful possession at the time of the taking. Plaintiff's possessory right is superior.

5. **Plaintiff's Vulnerable Circumstances.** Plaintiff is a documented victim of human trafficking, is indigent due to a pending insurance claim, recently relocated to Missouri, and has no alternative transportation or local support network. The Vehicle is not a convenience — it is essential to Plaintiff's ability to function, obtain medical care, and maintain her residency in Missouri.

## ARGUMENT AGAINST COUNTER-BOND

To the extent Defendants seek to retain the Vehicle by posting a counter-bond under Mo. Rev. Stat. § 533.140, this Court should deny that request for the following independent reasons:

**First,** BMW FS forfeited its self-help remedy the moment it breached the peace. Allowing it to use the counter-bond mechanism — a statutory tool designed to preserve the status quo pending litigation — as a substitute for the court order it was legally required to obtain would reward Defendants' own illegal conduct and circumvent the very judicial process the UCC mandates.

**Second**, Plaintiff's irreparable harm cannot be remedied by a bond. Medical equipment, personal documents, and items with unique personal significance cannot be replaced by money. The counter-bond mechanism presumes that monetary compensation is adequate — that presumption fails here.

**Third**, equitable principles of unclean hands bar Defendants from invoking a legal mechanism to retain property that they never had the right to take. A party may not benefit from its own wrong.

## REQUEST FOR SAME-DAY HEARING

Plaintiff respectfully requests that this Court schedule an emergency hearing on the same day this Motion is filed, or at the earliest possible time, given the imminent risk of irreversible disposition of the Vehicle. Plaintiff is available at the Court's convenience and will appear in person on any date and time the Court designates.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

**A.** Issue an immediate ex parte Order of Replevin directing Defendants to return the Vehicle to Plaintiff within 24 hours of service of this Order;

**B.** Simultaneously issue an Order prohibiting Defendants from selling, transferring, auctioning, or otherwise disposing of the Vehicle;

**C.** Issue an Order directing Defendants to immediately release all non-collateral personal property from the Vehicle at no charge;

**D.** Schedule an emergency hearing at the earliest possible time;

**E.** Grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**/s/ ADRIAN JOHNSON**

Plaintiff, Pro Se

[Plaintiff, Pro Se

812 S Theresa Ave

St. Louis, Missouri 63103

475-261-3946

Experthands832@protonmail.com

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS, MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**

ADRIAN J. JOHNSON,

Plaintiff,

v.

BMW FINANCIAL SERVICES NA, LLC; IMAGE RECOVERY SERVICE INC.; and
JOHN DOE POLICE OFFICERS 1-5,

Defendants.

Case No.: _2622-cc00698_

## PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF BOND WAIVER AND IMMEDIATE RETURN OF VEHICLE

### INTRODUCTION

Plaintiff respectfully submits this Supplemental Brief to provide this Court with the legal framework for waiving the replevin bond requirement and ordering the immediate return of the Vehicle. Three independent and reinforcing grounds support this relief.

### ARGUMENT

### I. A BOND THAT PLAINTIFF CANNOT PAY IS CONSTITUTIONALLY EQUIVALENT TO NO REMEDY AT ALL.

In Fuentes v. Shevin, 407 U.S. 67 (1972), the Supreme Court held that procedural devices which deprive a person of property without meaningful opportunity to be heard violate the Due Process Clause of the Fourteenth Amendment. Where a bond requirement is set at a level an indigent plaintiff cannot meet, the court has effectively denied that plaintiff any remedy at all — transforming a constitutional right into a privilege available only to those who can afford it.

Plaintiff is presently indigent. Her primary financial resource — a substantial insurance claim — remains pending. She has no income and no savings sufficient to post bond on a vehicle valued at $95,000–$100,000. A statutory bond at double value would approach $190,000–$200,000. This is not a bond. It is a wall.

This Court has equitable power to set a nominal bond — as low as $1.00 to $100.00 — where a full bond would unconstitutionally deny access to relief and the plaintiff's case on the merits is strong. Plaintiff's case is exceptionally strong. The breach of peace is established on the face of the facts: Plaintiff was physically inside the Vehicle, verbally refused the repossession, and was handcuffed and physically removed by law enforcement acting at the repossession agent's request. This is not a close case.

### II. BMW FINANCIAL SERVICES FORFEITED ITS LEGAL POSSESSORY RIGHT AND CANNOT INVOKE BOND PROTECTION AS A WRONGDOER.

The purpose of a replevin bond is to protect a defendant who lawfully holds property against loss if it turns out the plaintiff was not entitled to the property. That protective rationale is fundamentally inapplicable here because BMW FS is not an innocent party holding property under lawful authority. It is a wrongdoer.

Mo. Rev. Stat. § 400.9-609 permits self-help repossession only if conducted without breach of the peace. The moment BMW FS's agent called law enforcement to assist in overcoming Plaintiff's verbal objection — and the moment officers physically removed Plaintiff from the Vehicle, handcuffed her, and searched her person — the breach of peace was complete. The self-help remedy was forfeited. The only lawful path to the Vehicle at that point was a court order. BMW FS did not obtain one.

BMW FS therefore currently holds the Vehicle without any legal authority. Plaintiff, by contrast, held lawful possession under a lease with a right to possession through July 5, 2028. Plaintiff's possessory right is superior.

Equity will not permit a wrongdoer to use a statutory mechanism — the counter-bond provision of Mo. Rev. Stat. § 533.140 — as a substitute for the court order it was legally required to obtain. To allow BMW FS to retain property it took illegally by simply posting a bond would reward its own violation and render the breach-of-peace prohibition meaningless. The doctrine of unclean hands bars this result.

### III. PLAINTIFF'S INSURANCE POLICY ALREADY PROTECTS BMW'S FINANCIAL INTEREST, MAKING ADDITIONAL BOND REDUNDANT.

Plaintiff maintains an active automobile insurance policy on the Vehicle on which BMW Financial Services is named as loss payee and lienholder. This policy provides comprehensive coverage for damage, theft, and total loss.

The stated purpose of a replevin bond is to protect the defendant's financial interest in the property pending litigation. Where that interest is already fully protected by an existing insurance policy in which the defendant is a named beneficiary, requiring an additional bond from an indigent plaintiff serves no protective function — it serves only to deny relief.

This Court should find that Plaintiff's existing insurance coverage constitutes adequate protection of BMW FS's financial interest and that no additional bond is required.

### IV. THE COURT SHOULD ORDER IMMEDIATE RETURN OF THE VEHICLE OR, IN THE ALTERNATIVE, IMMEDIATE ACCESS TO PLAINTIFF'S MEDICAL PROPERTY AT NO CHARGE.

For the foregoing reasons, this Court should order the immediate return of the Vehicle to Plaintiff without bond, or with a nominal bond not to exceed $100.00.

In the alternative, as a minimum emergency measure independent of the replevin action, this Court should order Defendants to immediately release all of Plaintiff's personal property from the Vehicle — including medical equipment and supplies — at no charge. Defendants have no legal authority to hold non-collateral personal property. Their demand of $660.00 as a condition

of access to Plaintiff's own medical supplies constitutes conversion and ongoing irreparable harm.

Additionally, this Court should issue an order prohibiting Defendants from selling, auctioning, or otherwise disposing of the Vehicle pending the full hearing on Plaintiff's Motion for Temporary Restraining Order.

## CONCLUSION

Plaintiff respectfully requests that this Court: (1) waive the bond requirement entirely or set a nominal bond not to exceed $100.00; (2) order the immediate return of the Vehicle to Plaintiff; (3) in the alternative, order the immediate release of Plaintiff's personal property at no charge; and (4) prohibit Defendants from disposing of the Vehicle pending further order of this Court.

Respectfully submitted,


**/s/ ADRIAN JOHNSON**
Plaintiff, Pro Se

812 S Theresa Ave
St. Louis, Missouri 63103

475-261-3946

Experthands832@protonmail.com

Date: April _____, 2026

**FILED**

MAY 1 9 2026

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____
DEPUTY

**22nd Judicial Circuit, City of St. Louis**

## TRANSMITTAL OF PRO SE EMERGENCY FILINGS

Case No. 2622-CC00698 — Adrian Johnson v. BMW Financial Services NA et al

April 26, 2026

---

TO: Clerk of Court, 22nd Judicial Circuit, City of St. Louis

EMAIL: 22circclerk@courts.mo.gov

FROM: Adrian J. Johnson, Plaintiff Pro Se | myalove612@icloud.com

RE: Emergency Omnibus Filing — Case No. 2622-CC00698

---

Plaintiff Adrian J. Johnson submits the following documents by email pursuant to the Court's electronic filing procedures. Plaintiff is unable to appear in person in Missouri at this time for reasons detailed in the filings below, including involuntary removal from the state following this lawsuit's filing. Plaintiff respectfully requests that each document be docketed in Case No. 2622-CC00698 as promptly as possible given the emergency nature of the pending TRO.

**This transmittal contains the following documents:**

- Document 1 — Plaintiff's Request for Issuance of Summons
- Document 2 — Plaintiff's Emergency Motion to Expedite Ruling on Pending TRO, with GPS Evidence Exhibit
- Document 3 — Plaintiff's Emergency Supplement: GPS-Confirmed Vehicle Location and Imminent Sale Risk
- Document 4 — Plaintiff's Notice of ADA Violations, Court Officer Misconduct, and Access Obstruction

Plaintiff submits these filings simultaneously to preserve the record, protect the subject vehicle from imminent sale, and ensure that the Court is fully apprised of the circumstances that have prevented Plaintiff from appearing in person and from utilizing the eFiling portal.

ENTERED

MAY 2 0 2026

KEB



FILED
MAY 1 9 2026
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____
DEPUTY

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**

**STATE OF MISSOURI**

**22ND JUDICIAL CIRCUIT**

ADRIAN J. JOHNSON,

    *Plaintiff,*

v.

BMW FINANCIAL SERVICES NA, LLC; IMAGE RECOVERY SERVICE, INC.; and JOHN DOE POLICE OFFICERS,

    *Defendants.*

**Case No.:** 2622-CC00698

**Division:** Assigned to Judge McGraugh

## DOCUMENT 1

### PLAINTIFF'S REQUEST FOR ISSUANCE OF SUMMONS

Plaintiff Adrian J. Johnson, appearing pro se, respectfully requests that the Clerk of the 22nd Judicial Circuit, City of St. Louis, issue summons for service of process upon each of the following named defendants pursuant to Missouri Rule of Civil Procedure 54.01. Plaintiff notes that summons were not issued at the time of filing. Plaintiff was not advised by the Clerk's office of the requirement to separately request summons, and this omission in notification — combined with the access barriers detailed in Document 4 of this filing — contributed to the delay in this request. Plaintiff now formally requests immediate issuance.

## DEFENDANTS REQUIRING SUMMONS

**Defendant 1:** BMW Financial Services NA, LLC

    Registered Agent: CT Corporation System

    120 S. Central Avenue, Clayton, Missouri 63105

**Defendant 2:** Image Recovery Service, Inc.

    Attn: Ian Zarvos, President

    12864 Pennridge Drive, Bridgeton, Missouri 63114

    Alternate: PO Box 140115, St. Louis, Missouri 63114

ENTERED
MAY 2 0 2026
KEE

**Defendant 3:** John Doe Police Officers

    Identity to be determined through discovery

       Last known agency: St. Louis Metropolitan Police Department

Plaintiff is located outside Missouri and will arrange service through a licensed Missouri or Illinois process server upon receipt of the issued summons via the eFiling portal or email.

Respectfully submitted,

Adrian J. Johnson, Plaintiff Pro Se

myalove612@icloud.com | April 26, 2026

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**

**STATE OF MISSOURI**

**22ND JUDICIAL CIRCUIT**



FILED
MAY 1 9 2026
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY_____DEPUTY

ADRIAN J. JOHNSON,
    *Plaintiff,*

v.

BMW FINANCIAL SERVICES NA, LLC; IMAGE RECOVERY SERVICE, INC.; and JOHN DOE POLICE OFFICERS,

    *Defendants.*

**Case No.:** 2622-CC00698

**Division:** Assigned to Judge McGraugh

## DOCUMENT 2

### PLAINTIFF'S EMERGENCY MOTION TO EXPEDITE RULING ON PENDING TEMPORARY RESTRAINING ORDER

## I. PRELIMINARY STATEMENT

Plaintiff filed an emergency Petition for Temporary Restraining Order on April 8, 2026. A Proposed Order Granting Temporary Restraining Order was filed April 9, 2026. A Supplemental Brief in Support of Bond Waiver and Immediate Return of Vehicle was filed April 10, 2026. It is now April 26, 2026 — eighteen days after filing — and no ruling has issued. The vehicle remains in Defendants' custody. Plaintiff's prescription medication remains inside the vehicle. The vehicle is at imminent risk of sale.

Plaintiff respectfully but urgently requests that this Court rule on the pending TRO immediately. The passage of time without ruling is itself causing irreparable harm.

## II. CURRENT STATUS OF THE EMERGENCY — GPS-CONFIRMED

As of April 26, 2026 at 3:12 AM, Plaintiff's BMW Connected App — which uses BMW's own GPS tracking system — confirmed the vehicle's location as 2160 Doris Avenue, East St. Louis, Illinois 62206. A timestamped screenshot of this BMW-authenticated GPS data is attached as Exhibit A to Document 3 of this omnibus filing.

The vehicle has now been in Defendants' custody for approximately one month. Plaintiff's prescription medication — required for an ongoing medical condition — has been locked inside

ENTERED
MAY 20 2026
KEB

the vehicle and inaccessible for that entire period. This is not a financial inconvenience. It is an ongoing medical emergency.

## III. LEGAL BASIS FOR THE TRO — BREACH OF PEACE

The repossession giving rise to this action occurred in a public Burger King parking lot in the City of St. Louis. The repossession involved a two-hour standoff, direct law enforcement participation, physical restraint of Plaintiff, a warrantless search of the vehicle, and withholding of medically necessary personal property — all conducted over Plaintiff's explicit and continuous objection.

Mo. Rev. Stat. § 400.9-609 prohibits self-help repossession whenever it would breach the peace. Repossession conducted with direct law enforcement participation, in a public place, over a debtor's objection, constitutes a breach of the peace as a matter of settled Missouri and national UCC Article 9 law. See, e.g., Stone Machinery Co. v. Kessler, 1 Wash. App. 750 (1969); MBank El Paso, N.A. v. Sanchez, 836 S.W.2d 151 (Tex. 1992). A secured party that breaches the peace in effecting repossession forfeits its right to proceed under Article 9 — including the right to sell the collateral. BMW Financial Services is therefore an unlawful possessor with no legal right to retain, sell, or transfer the vehicle.

## IV. BOND WAIVER — UNLAWFUL POSSESSOR CANNOT DEMAND BOND

Plaintiff's Supplemental Brief filed April 10, 2026 establishes that Missouri's replevin bond requirement was designed to protect lawful possessors — not to insulate parties who obtained possession through statutorily prohibited conduct. BMW Financial Services, as an unlawful possessor following a breach-of-the-peace repossession, is not entitled to the bond protections that Mo. Rev. Stat. § 533.060 affords lawful possessors. Requiring Plaintiff — who was granted IFP status by this Court — to post a substantial bond to recover property taken through an unlawful repossession would reward Defendants' statutory violation. This Court has equitable authority to waive or reduce the bond requirement under these circumstances.

## V. PLAINTIFF WAS INVOLUNTARILY REMOVED FROM MISSOURI AFTER FILING

This Court should have a complete factual picture. Plaintiff had an outstanding Minnesota warrant that was classified as non-extraditable at the time this petition was filed on April 8, 2026. Following the filing of this lawsuit against BMW Financial Services, that warrant's extraditable status changed and Plaintiff was returned to Minnesota. Plaintiff does not ask this Court to adjudicate that issue here, but places it on the record for one specific purpose: to make clear that any gap in court appearances or filings is not the product of abandonment or disinterest. Plaintiff is an active litigant who has been involuntarily removed from the jurisdiction she was actively litigating in. Plaintiff is prosecuting this case remotely from Minnesota and will continue to do so.

## VI. ACTUAL NOTICE HAS BEEN PROVIDED TO DEFENDANTS

On April 25-26, 2026, Plaintiff sent formal litigation notice by email to BMW Financial Services NA at ole.jensen@bmwfs.com, scraus@bmwfs.com, and steven.bottieri@bmwfs.com, and to Image Recovery Service at imagerecovery1@aol.com, with a simultaneous fax to Image Recovery at 314-739-4031. Those notices identified Case No. 2622-CC00698, demanded preservation of the vehicle, and warned that post-notice disposal would constitute conversion and spoliation. Defendants have actual notice of this litigation. A TRO ruling against parties with actual notice presents no due process concern.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

- Issue an immediate ruling on the pending Petition for Temporary Restraining Order;
- Grant the TRO enjoining BMW Financial Services NA and Image Recovery Service from selling, auctioning, transferring, or disposing of the vehicle pending a full replevin hearing;
- Order immediate release of all personal property from the vehicle, including Plaintiff's prescription medication;
- Waive the replevin bond requirement as set forth in Plaintiff's April 10 supplemental brief;
- Schedule an expedited replevin hearing at the Court's earliest available date; and
- Issue summons as requested in Document 1 of this omnibus filing.

Respectfully submitted,

Adrian J. Johnson, Plaintiff Pro Se

myalove612@icloud.com | April 26, 2026



**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**

**STATE OF MISSOURI**

**22ND JUDICIAL CIRCUIT**

FILED
MAY 19 2026
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

ADRIAN J. JOHNSON,

    *Plaintiff,*

v.

BMW FINANCIAL SERVICES NA, LLC; IMAGE RECOVERY SERVICE, INC.; and JOHN DOE POLICE OFFICERS,

    *Defendants.*

**Case No.:** 2622-CC00698

**Division:** Assigned to Judge McGraugh

## DOCUMENT 3

### PLAINTIFF'S EMERGENCY SUPPLEMENT: GPS-CONFIRMED VEHICLE LOCATION, IMMINENT SALE RISK, AND CONTINUED MEDICAL EMERGENCY

## I. GPS LOCATION CONFIRMED — VEHICLE STILL IN DEFENDANTS' CUSTODY

Plaintiff submits this emergency supplement to provide the Court with real-time documentary evidence of the vehicle's current location and the ongoing emergency. The BMW Connected App — BMW's own proprietary GPS vehicle tracking system — confirmed the vehicle's location on April 26, 2026 at 3:12 AM as:

> **2160 Doris Avenue**
>
> **East St. Louis, Illinois 62206**

ENTERED

MAY 20 2026

KEB

A timestamped screenshot of this BMW-authenticated GPS data is attached hereto as Exhibit A. The location data is generated directly by BMW's own systems and cannot be disputed by BMW Financial Services as inaccurate. The vehicle has remained at or near this location since the repossession approximately one month ago. Plaintiff will continue to screenshot this data daily and will make each dated screenshot available to the Court upon request, creating a chain of custody record.

## II. THE VEHICLE IS AT IMMINENT RISK OF SALE

Under Missouri law, a repossessing creditor that complies with UCC Article 9's notice requirements may proceed to sale after a commercially reasonable period. Approximately one month has elapsed. Plaintiff has no knowledge of what contractual or internal timelines BMW Financial Services has set for disposition of the vehicle. The risk of sale is present and imminent. Once the vehicle is sold, Plaintiff's replevin remedy is moot, the leverage necessary to negotiate a rapid settlement of the breach-of-peace and consumer protection claims is lost, and the harm becomes purely compensable in damages — an inadequate remedy given the personal property contained in the vehicle and the ongoing medical emergency.

## III. MEDICAL EMERGENCY — PRESCRIPTION MEDICATION STILL INSIDE VEHICLE

Plaintiff's prescription medication has been locked inside the vehicle since the date of repossession, now approximately one month ago. Plaintiff has been without access to medication required for her ongoing medical condition for this entire period. This is not a tangential inconvenience — it is an ongoing medical emergency that worsens each day the TRO goes unruled. No amount of money damages after the fact can compensate for a month or more of denied medical treatment.

Plaintiff requests that the Court, at minimum, order the immediate release of personal property from the vehicle — including prescription medication — on an emergency basis even if the full TRO briefing schedule requires additional time. The release of personal property does not prejudice Defendants' interests in the vehicle itself and would address the most acute aspect of the present emergency.

## IV. EXHIBIT A — GPS SCREENSHOT DESCRIPTION

Attached as Exhibit A is a screenshot from the BMW Connected App showing: (1) the caption 'Where is my BMW?'; (2) the vehicle's confirmed address of 2160 Doris Ave, East St. Louis, IL 62206-2517; (3) the timestamp 'Updated 4/26/2026 3:12 AM'; and (4) a 'Guide me to my BMW' navigation option. The screenshot was taken from Plaintiff's authenticated BMW Connected App account linked to the subject vehicle's VIN.

Respectfully submitted,

Adrian J. Johnson, Plaintiff Pro Se

myalove612@icloud.com | April 26, 2026

FILED
MAY 1 9 2026
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY
DEPUTY

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**

**STATE OF MISSOURI**

**22ND JUDICIAL CIRCUIT**

---

ADRIAN J. JOHNSON,

    *Plaintiff,*

v.

BMW FINANCIAL SERVICES NA, LLC; IMAGE RECOVERY SERVICE, INC.; and JOHN DOE POLICE OFFICERS,

    *Defendants.*

---

**Case No.:** 2622-CC00698

**Division:** Assigned to Judge McGraugh

ENTERED
MAY 20 2026
KEB

## DOCUMENT 4

### PLAINTIFF'S NOTICE OF ADA ACCESS VIOLATIONS, COURT OFFICER MISCONDUCT, GENDER IDENTITY DISCRIMINATION, AND CLERK OBSTRUCTION AFFECTING PLAINTIFF'S ABILITY TO ACCESS THIS COURT

## I. PURPOSE OF THIS NOTICE

Plaintiff files this notice to create a complete record of the systemic barriers she encountered when attempting to access the 22nd Judicial Circuit in person to file this lawsuit and related motions. These barriers were not incidental inconveniences. They constitute violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132; the Rehabilitation Act of 1973; the Equal Protection Clause of the Fourteenth Amendment; and Missouri's own court access rules. Plaintiff's inability to utilize the eFiling portal and her current inability to appear in person must be understood in the context of the deliberate obstruction she faced every time she attempted to access this courthouse.

Plaintiff states that she has audio and/or video recordings of some of the incidents described below. Those recordings are preserved and will be produced in any proceeding in which they are relevant.

## II. ADA ACCOMMODATION REQUESTS AND CLERK RESISTANCE

Plaintiff has a disability and required ADA accommodations to access the courthouse and to file documents. On each occasion Plaintiff appeared at the 22nd Judicial Circuit to file documents in this matter, she was required to go through the ADA clerk to obtain accommodations that should

have been provided as a matter of standard access. The process of obtaining accommodations was not routine or straightforward — it was used as a mechanism to delay Plaintiff's access to the filing windows and to discourage her from filing.

Plaintiff was initially refused electronic filing assistance even though Missouri court rules require clerks to assist pro se litigants with eFiling. A judge had to intervene to ensure that Plaintiff's filings were accepted electronically. The fact that judicial intervention was required for a clerk to perform a ministerial duty that the rules require as a matter of course reflects a pattern of deliberate obstruction, not isolated error.

## III. GENDER IDENTITY DISCRIMINATION AND VERBAL HARASSMENT BY SHERIFF'S OFFICERS

On multiple occasions when Plaintiff appeared at the 22nd Judicial Circuit, sheriff's officers stationed in the courthouse subjected Plaintiff to discriminatory verbal harassment based on her gender identity. Specifically, sheriff's officers addressed Plaintiff using slurs including 'fag' and 'tranny.' These are not ambiguous statements. They are targeted slurs directed at Plaintiff's gender identity, used by law enforcement officers in their official capacity within a courthouse, while Plaintiff was attempting to exercise her constitutional right of access to the courts.

This conduct violates Title II of the Americans with Disabilities Act to the extent Plaintiff's gender identity intersects with protected status; the Equal Protection Clause of the Fourteenth Amendment; 42 U.S.C. § 1983 as applied to state actors violating federally protected rights; and Missouri's own policies against discrimination in court access. Courts have an affirmative obligation to provide non-discriminatory access to all litigants regardless of gender identity.

## IV. PHYSICAL ALTERCATIONS INITIATED BY SHERIFF'S OFFICERS

On multiple occasions, sheriff's officers went hands-on with Plaintiff — physically — while she was in the courthouse attempting to file documents or seek information from the clerk's office. Plaintiff states that she was not yelling, was not threatening anyone, was not engaged in any conduct that would justify physical intervention. Clerks were behind secured glass partitions. There was no physical threat to any court personnel at any time. The physical contact initiated by sheriff's officers was unprovoked and constitutes assault and battery under Missouri law, and a violation of Plaintiff's Fourth Amendment rights against unreasonable seizure as applied through the Fourteenth Amendment.

Plaintiff was told on at least one occasion that she was required to apologize to courthouse staff as a condition of being permitted to remain in the courthouse and continue her filing. Conditioning a litigant's access to the courthouse on an apology extracted under physical duress has no lawful basis and constitutes an unconstitutional condition on the exercise of a fundamental right.

## V. REFUSAL TO ALLOW PLAINTIFF ENTRY WHILE WEARING A FACIAL MASK

On at least one occasion, courthouse security refused to permit Plaintiff to enter the building while wearing a facial mask, despite the fact that Plaintiff was ill at the time and wearing the mask for her own health and the health of others. This refusal had no legitimate security basis.

Facial masks do not impair identification at a courthouse entry checkpoint in any manner that cannot be addressed by standard security screening. The refusal appears to have been pretextual — another mechanism to obstruct Plaintiff's access to the filing windows.

## VI. PATTERN OF OBSTRUCTION — NOT ISOLATED INCIDENTS

Taken individually, each of the above incidents might be characterized as an isolated failure. Taken together, they constitute a pattern: every time Plaintiff appeared at the 22nd Judicial Circuit to advance this litigation, she encountered resistance, harassment, physical contact, or procedural obstruction that delayed or denied her access. This pattern is relevant to the Court's understanding of why this case has not progressed at the speed a filed emergency petition should progress, and why Plaintiff is now filing remotely from Minnesota rather than appearing in person.

Plaintiff is not filing this notice as a collateral attack on the Court. She is filing it because the record should reflect the full picture of what she has faced in attempting to prosecute this legitimate lawsuit. When a pro se plaintiff with a pending emergency TRO is harassed, physically assaulted, and obstructed by the very courthouse officers whose job is to facilitate access to justice, and then that plaintiff is involuntarily removed from the state, and then her emergency TRO sits unruled for eighteen days — the cumulative effect is a denial of access to the courts that the Constitution does not permit.

## VII. NOTICE OF INTENT TO FILE ADA AND CIVIL RIGHTS COMPLAINTS

Plaintiff hereby places the 22nd Judicial Circuit, the City of St. Louis Sheriff's Office, and the clerk's office on notice that she intends to file formal complaints with the following agencies regarding the conduct described above:

- U.S. Department of Justice, Civil Rights Division — Title II ADA complaint regarding courthouse access
- U.S. Department of Justice, Civil Rights Division — § 1983 complaint regarding sheriff's officer misconduct
- Missouri Commission on Human Rights — gender identity discrimination complaint
- Missouri State Courts Administrator — clerk misconduct and obstruction complaint
- Office of the Missouri Attorney General — civil rights complaint

Plaintiff is preserving all audio and video recordings in her possession related to these incidents. Those recordings constitute evidence and will be produced in any related proceeding.

## VIII. RELIEF REQUESTED

Plaintiff requests that this Court take notice of the access barriers described above in evaluating the procedural history of this case, including any apparent gaps in filings or appearances. Plaintiff further requests that the Court ensure that all future filings in this matter submitted by

email to the clerk are processed and docketed promptly, without the access barriers that have characterized Plaintiff's prior in-person attempts to file.

Plaintiff is a pro se litigant with a legitimate emergency before this Court. She is entitled to the same access to justice as any other litigant — without physical harassment, without slurs, without manufactured procedural barriers, and without having to fight her way past the sheriff's office simply to hand a document to a clerk.

Respectfully submitted,

Adrian J. Johnson, Plaintiff Pro Se

myalove612@icloud.com | April 26, 2026

---

*Certificate of Service: Plaintiff submits all four documents in this omnibus filing by email to 22circclerk@courts.mo.gov and requests docketing in Case No. 2622-CC00698. Plaintiff has simultaneously served actual notice on Defendants BMW Financial Services NA and Image Recovery Service, Inc. by email and fax. Exhibit A (GPS screenshot) is attached to this email transmission.*

# Summons in Civil Case

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00698 |
| Plaintiff/Petitioner:<br>ADRIAN  JOHNSON | Plaintiff's/Petitioner's Attorney/Address<br>ADRIAN  JOHNSON<br>812 S THERESA AVE #315<br>ST LOUIS, MO  63103 |
| vs. | |
| Defendant/Respondent:<br>BMW FINANCIAL SERVICES NA LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Replevin | (Date File Stamp for Return) |

**The State of Missouri to:**   IMAGE RECOVERY
**Alias:**
**ATTN: IAN ZARVOS, PRESIDENT**
**12864 PENNRIDGE DRIVE**
**BRIDGETON, MO  63044**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

_____
5/20/2026
Date

_____
Clerk

***CITY OF ST LOUIS***

**Further Information:**

**Case Number: 2622-CC00698**

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with_____, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on_____ (date)

at _____ (time).

_____    _____
        Printed Name of Officer or Server                        Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
                                                    Date                            Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# Summons in Civil Case

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>CHRISTOPHER EDWARD<br>MCGRAUGH | Case Number:  2622-CC00698 |
| Plaintiff/Petitioner:<br>ADRIAN  JOHNSON | Plaintiff's/Petitioner's Attorney/Address<br>ADRIAN  JOHNSON<br>812 S THERESA AVE #315<br>ST LOUIS, MO  63103 |
| vs. | |
| Defendant/Respondent:<br> BMW FINANCIAL SERVICES NA LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Replevin | (Date File Stamp for Return) |

**The State of Missouri to:**    JOHN DOE POLICE OFFICERS 1-5
                    **Alias:**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

5/20/2026
Date                                        Clerk

**CITY OF ST LOUIS**

**Further Information:**

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-3998**
1 of 2 (2622-CC00698)                                          Civil Procedure Form No. 1, SCR 54.01 – 54.05,
                                          54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Case Number: 2622-CC00698**

### Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on_____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server                      Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____

Date                                      Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# Summons in Civil Case

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number:  2622-CC00698 |
| Plaintiff/Petitioner:<br>ADRIAN  JOHNSON | Plaintiff's/Petitioner's Attorney/Address<br>ADRIAN  JOHNSON<br>812 S THERESA AVE #315<br>ST LOUIS, MO  63103 |
| vs. | |
| Defendant/Respondent:<br> BMW FINANCIAL SERVICES NA LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Replevin | (Date File Stamp for Return) |

**The State of Missouri to:**    BMW FINANCIAL SERVICES NA LLC
**Alias:**
**RAGT: CT CORPORATION SYSTEM**
**120 SO CENTRAL AVE**
**CLAYTON, MO  63105**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

_____ 5/20/2026 _____
Date

_____
Clerk

***CITY OF ST LOUIS***

**Further Information:**

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐  delivering a copy of the summons and petition to the defendant/respondent.

☐  leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with_____, a person at least 18 years

of age residing therein.

☐  (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐  other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on_____ (date)

at _____ (time).

_____        _____
        Printed Name of Officer or Server                        Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
                                                            Date                                    Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-3999**

2 of 2 (2622-CC00698)                                    Civil Procedure Form No. 1, SCR 54.01 – 54.05,
                                                                    54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

ADRIAN J. JOHNSON,

    *Plaintiff(s) / Petitioner(s)*

v.

BMW FINANCIAL SERVICES NA, LLC, IMAGE
RECOVERY and JOHN DOE POLICE OFFICERS 1-5,

    *Defendant(s) / Respondent(s)*

Case No.: 2622-CC00698

**FILED**
JUN 1 7 2026
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

## AFFIDAVIT OF SERVICE

I, De Andre Davenport, being duly sworn, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to IMAGE RECOVERY SERVICE, INC. in Saint Louis County, MO on May 28, 2026 at 2:00 pm at 12864 Pennridge Dr, Bridgeton, MO 63044-1237 by leaving the following documents with Ian Zarvos who as Owner is authorized by appointment or by law to receive service of process for IMAGE RECOVERY SERVICE, INC.. Proof Colorado, LLC mailed a copy of the documents via First Class Mail to 12864 Pennridge Dr, Bridgeton, MO 63044-1237 on May 28, 2026. Proof Colorado, LLC mailed a copy of the documents via Certified Mail to 12864 Pennridge Dr, Bridgeton, MO 63044-1237 on May 28, 2026 with tracking number 92148902608895009406752 (See ExhibitsM2a, M2b).

VERIFIED PETITION FOR REPLEVIN AND DAMAGES PURSUANT TO MO. REV. STAT. § 533.010 ET SEQ., EMERGENCY MOTION FOR IMMEDIATE RELEASE OF PLAINTIFF'S PERSONAL PROPERTY FROM VEHICLE, MOTION TO PROCEED UNDER PSEUDONYM, PLAINTIFF'S MOTION TO WAIVE REPLEVIN BOND OR IN THE ALTERNATIVE
TO SET A NOMINAL BOND, PLAINTIFF'S EMERGENCY MOTION FOR EX PARTE ORDER OF REPLEVIN AND REQUEST FOR SAME-DAY HEARING
PLAINTIFF'S EMERGENCY SUPPLEMENT: GPS-CONFIRMED VEHICLE LOCATION, IMMINENT SALE RISK, AND CONTINUED MEDICAL EMERGENCY
PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF BOND WAIVER AND IMMEDIATE RETURN OF VEHICLE
Summons in Civil Case
PLAINTIFF'S EMERGENCY MOTION TO EXPEDITE RULING ON PENDING TEMPORARY RESTRAINING ORDER
PLAINTIFF'S NOTICE OF ADA ACCESS VIOLATIONS, COURT OFFICER MISCONDUCT, GENDER IDENTITY DISCRIMINATION, AND CLERK OBSTRUCTION AFFECTING PLAINTIFF'S ABILITY TO ACCESS THIS COURT

Race: White, Sex: Male, Est. Age: 45-54, Hair: Black, Glasses: N, Est. Weight: 200 lbs to 220 lbs, Est. Height: 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=38.76548,-90.431755
Photograph: See Exhibit 1

Total Cost: $272.10

*De Andre Davenport*
_____
Server Signature
De Andre Davenport
+1 (317) 777-5966

Subscribed and sworn to before me this __31__ day of
____May___, __2026__, by
_____De Andre Davenport_____ .
Server Name

Witness my hand and official seal.

_____
Notary Public

My commission expires:
10/09/2027
_____

Notary Stamp

AMBER JO MARTINEZ
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20194038470
MY COMMISSION EXPIRES OCTOBER 9, 2027

Notarized remotely using audio-video communication technology via Proof.

Exhibit Jajj



# Mailing 2 - Service Evidence

## Exhibit M2a - Proof of Service

**Document Type:** Proof of Service

**Document Name:** mailing-proof-of-service-218713

*This document is attached as part of this exhibit and forms part of this affidavit.*

## Exhibit M2b - Certificate of Acceptance

**Document Type:** Certificate of Acceptance

**Document Name:** mailing-proof-of-acceptance-218713

*This document is attached as part of this exhibit and forms part of this affidavit.*

EDEXISPOS_D

| ATTACHMENT OF SERVED DOCUMENTS | POS UNIQUE ID<br>POS_7H60QC90J |
|---|---|

6.    MOTION FILED.PDF
7.    FILING.PDF

Page 1 of 1

# CERTIFIED MAIL ACCEPTANCE RECEIPT

The United States Postal Service accepted this mailing at the postal facility and on the date indicated below. EDEXIS receives and securely retains all USPS-provided tracking data associated with this mailing. This Certificate of Acceptance was generated based upon USPS "In-Process" scan data as received directly from the United States Postal Service.



**ACCEPTED**
05/28/2026
Jackson, CA 95642

**USPS TRACKING#**

9214 8902 6089 5009 4067 52

**Sender** (from):

Proof Tech

,

EDEXIS OrderID:   20260528120733_A00075954

USPS Acceptance Date: 05/28/2026
"In-Process" movement scans received.
USPS Post Office: **Jackson/West Sac**
Return Receipt (Electronic): YES
USPS Service:   First Class Letter

**Recipient** (mailed to):

IMAGE RECOVERY SERVICE, INC.
12864 PENNRIDGE DR
BRIDGETON, MO 63044

**USPS Acceptance/Movement Scan Data**

View All Tracking

05/28/2026 MA : Manifest Accepted - Jackson, CA 95642
05/28/2026 TM : SHIPMENT RECEIVED ACCEPTANCE PENDING - Jackson, CA 95642
05/28/2026 03 : Carrier Accept or Pickup - Jackson, CA 95642



# Certificate Compliance Statement

EDEXIS is a neutral, third-party document printing and mailing service for the legal and medical industries in the United States. We are not a party to any matter of action related to the sender or recipient of this mailing. This mail piece was processed in compliance with our normal business practices and delivered to the US Postal Service by EDEXIS employees. This certificate was generated after receiving "In-Process" tracking data from the US Postal Service. Scan the QR code above to view all tracking data for this mailing.

**Edex Information Systems, Inc.**
795 California 49
Jackson, CA 95642 USA
(866) 438-3339 - (209) 223-3461
support@edexis.com
edexis.com

EDEXISPOS-FCM

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY OF CASE SERVING THESE DOCUMENTS:<br>Adrian Johnson<br>Proof Tech<br>Telephone: (319) 487-7607<br>Email: | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL

1. I am over 18 years of age and **not a party to this action**. I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:

    Edex Information Systems
    795 California 49
    Jackson, CA 95642

CASE NUMBER/S:
1796565

3. On (date)  05/28/2026    the following documents were served from (city & state):    Jackson, California

    1. PLAINTIFFS FILING.PDF
    2. 2622-CC0069826-SMCC-3999SUMMONS CIVIL CASE-TO DFT-RESSMCC2026-MAY-20FINAL.PDF.PDF
    3. FILING OF BRIEFS 3.PDF
    4. 2622-CC0069826-SMCC-3997SUMMONS CIVIL CASE-TO DFT-RESSMCC2026-MAY-20FINAL.PDF.PDF
    5. PETITION.PDF

    [ X ]    Continued on the Attachment of Served Documents (form EDEXISPOS_D)  POS_7H60QC90J

4. The documents listed above were enclosed in a sealed envelope or package addressed to the persons listed in 5 (below). The sealed envelope or package was then placed for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The names and addresses of each person to whom I mailed the documents:

    1. IMAGE RECOVERY SERVICE, INC. [Certified Mail Return Receipt Elect]
       12864 PENNRIDGE DR BRIDGETON, MO 63044

[ ]    Continued on the Attachment of Served Parties (form EDEXISPOS_P)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signature Date:    05/28/2026

Charles Bowen

---
(Name of person completing this form)

---
(Signature of person completing this form)

IN THE 22ND JUDICIAL CIRCUIT COURT OF THE CITY OF ST. LOUIS, MISSOURI

A.J

    *Plaintiff(s) / Petitioner(s)*

v.

    Case No.: 2622 CC00698

**BMW FINANCIAL SERVICES NA, LLC; IMAGE RECOVERY; JOHN DOE POLICE OFFICERS 1-5**

    *Defendant(s) / Respondent(s)*

**FILED**

**JUN 1 ? 2026**

**22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY**

### <u>AFFIDAVIT OF SERVICE</u>

I, Danessa Seward, being duly sworn, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to BMW FINANCIAL SERVICES NA, LLC in Saint Louis County, MO on June 1, 2026 at 11:25 am at 5661 Telegraph Rd, Ste 4B, Saint Louis, MO 63129-4275 by leaving the following documents with Traci MacMann who as INTAKE_SPECIALIST at CT Corp is authorized by appointment or by law to receive service of process for BMW FINANCIAL SERVICES NA, LLC. Proof Colorado, LLC mailed a copy of the documents via First Class Mail to 5661 Telegraph Rd, Ste 4B, Saint Louis, MO 63129-4275 on June 1, 2026. Proof Colorado, LLC mailed a copy of the documents via Certified Mail to 5661 Telegraph Rd, Ste 4B, Saint Louis, MO 63129-4275 on June 1, 2026 with tracking number 92148902608950094746211 (See ExhibitsM2a, M2b).

VERIFIED PETITION FOR REPLEVIN AND DAMAGES PURSUANT TO MO. REV. STAT. § 533.010 ET SEQ.
PLAINTIFF'S EMERGENCY SUPPLEMENT: GPS-CONFIRMED VEHICLE LOCATION, IMMINENT SALE RISK, AND CONTINUED MEDICAL EMERGENCY
Summons in Civil Case
PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF BOND WAIVER AND IMMEDIATE RETURN OF VEHICLE
Summons in Civil Case
PLAINTIFF'S EMERGENCY MOTION TO EXPEDITE RULING ON PENDING TEMPORARY RESTRAINING ORDER
PLAINTIFF'S NOTICE OF ADA ACCESS VIOLATIONS, COURT OFFICER MISCONDUCT, GENDER IDENTITY DISCRIMINATION, AND CLERK OBSTRUCTION AFFECTING PLAINTIFF'S ABILITY TO ACCESS THIS COURT
Race: White, Sex: Female, Est. Age: 55-64, Hair: Blonde, Glasses: N, Est. Weight: 140 lbs to 160 lbs, Est. Height: 5' 3" to 5' 6".
Geolocation of Serve: https://google.com/maps?q=38.46657319,-90.3065528535



**FILED**

**JUN 15 2026**

**22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY**

Photograph: See Exhibit 1

Total Cost: $497.10

Server Signature
Danessa Seward
+1 (314) 441-2220

Subscribed and sworn to before me this _2_ day of
_June_ , _2026_ , by
Danessa Seward .
Server Name

Witness my hand and official seal.

Notary Public

My commission expires:
03/21/2028

Notary Stamp

RACHEL A. MARTIN
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES MARCH 21, 2028
ST. CHARLES COUNTY
COMMISSION #16356970

Exhibit 1a)



# Mailing 2 - Service Evidence

## Exhibit M2a - Proof of Service

**Document Type:** Proof of Service

**Document Name:** mailing-proof-of-service-219076

*This document is attached as part of this exhibit and forms part of this affidavit.*

## Exhibit M2b - Certificate of Acceptance

**Document Type:** Certificate of Acceptance

**Document Name:** mailing-proof-of-acceptance-219076

*This document is attached as part of this exhibit and forms part of this affidavit.*

EDEXISPOS-FCM

| ATTORNEY OR PARTY OF CASE SERVING THESE DOCUMENTS:<br>Adrian Johnson<br>Proof Tech<br>Telephone: (319) 487-7607<br>Email: | FOR COURT USE ONLY |
|---|---|

## PROOF OF SERVICE BY FIRST-CLASS MAIL

1.  I am over 18 years of age and **not a party to this action**. I am a resident of or employed in the county where the mailing took place.

2.  My residence or business address is:

    Edex Information Systems
    795 California 49
    Jackson, CA 95642

CASE NUMBER/S:
1797722

3.  On (date)   06/01/2026    the following documents were served from (city & state):   Jackson, California

    1. PETITION.PDF
    2. PLAINTIFFS FILING.PDF
    3. 2622-CC0069826-SMCC-3999SUMMONS CIVIL CASE-TO DFT-RESSMCC2026-MAY-20FINAL.PDF.PDF
    4. FILING OF BRIEFS 3.PDF
    5. 2622-CC0069826-SMCC-3997SUMMONS CIVIL CASE-TO DFT-RESSMCC2026-MAY-20FINAL.PDF.PDF

    [ X ]   Continued on the Attachment of Served Documents (form EDEXISPOS_D)   POS_7HA0KYFW8

4.  The documents listed above were enclosed in a sealed envelope or package addressed to the persons listed in 5 (below). The sealed envelope or package was then placed for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5.  The names and addresses of each person to whom I mailed the documents:

    1. BMW FINANCIAL SERVICES NA, LLC [Certified Mail Return Receipt Elect]
       5661 TELEGRAPH RD STE 4B SAINT LOUIS, MO 63129

[ ]   Continued on the Attachment of Served Parties (form EDEXISPOS_P)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signature Date:    06/01/2026

.Charles Bowen

▶

| (Name of person completing this form) | (Signature of person completing this form) |
|---|---|

EDEXISPOS_D

| ATTACHMENT OF SERVED DOCUMENTS | POS UNIQUE ID<br>POS_7HA0KYFW8 |
|---|---|

6. MOTION FILED.PDF
7. FILING.PDF

Page 1 of 1

# CERTIFIED MAIL ACCEPTANCE RECEIPT

The United States Postal Service accepted this mailing at the postal facility and on the date indicated below. EDEXIS receives and securely retains all USPS-provided tracking data associated with this mailing. This Certificate of Acceptance was generated based upon USPS "In-Process" scan data as received directly from the United States Postal Service.



**ACCEPTED**
06/01/2026
Jackson, CA 95642

**USPS TRACKING#** | 9214 8902 6089 5009 4746 21

**Sender** (from):

Proof Tech

,

EDEXIS OrderID:   20260601092703_A00076973

USPS Acceptance Date: 06/01/2026
"In-Process" movement scans received.
USPS Post Office: **Jackson/West Sac**
Return Receipt (Electronic): YES
USPS Service:   First Class Letter

**Recipient** (mailed to):

BMW FINANCIAL SERVICES NA, LLC
5661 TELEGRAPH RD STE 4B
SAINT LOUIS, MO 63129

**USPS Acceptance/Movement Scan Data**

06/01/2026 X00: Received by US Postal Service for delive - Jackson, CA 95642

06/01/2026 MA : Manifest Accepted - Jackson, CA 95642

06/01/2026 03 : Carrier Accept or Pickup - Jackson, CA 95642

06/01/2026 TM : SHIPMENT RECEIVED ACCEPTANCE PENDING - Jackson, CA 95642

**View All Tracking**



## Certificate Compliance Statement

EDEXIS is a neutral, third-party document printing and mailing service for the legal and medical industries in the United States. We are not a party to any matter of action related to the sender or recipient of this mailing. This mail piece was processed in compliance with our normal business practices and delivered to the US Postal Service by EDEXIS employees. This certificate was generated after receiving "In-Process" tracking data from the US Postal Service. Scan the QR code above to view all tracking data for this mailing.

**Edex Information Systems, Inc.**
795 California 49
Jackson, CA 95642 USA
(866) 438-3339 - (209) 223-3461
support@edexis.com
edexis.com

Case.net: - Docket Entries

---

| Respond to Selected Documents |        Sort by date: Descending Ascending        Display options: All Entries ⌄

**06/15/2026**

**Affidavit Filed**

Affidavit of Service

**06/12/2026**

**Certificate of Mailing**

**05/20/2026**

**Alias Summons Issued**

Document ID: 26-SMCC-3999, for BMW FINANCIAL SERVICES NA LLC

**Alias Summons Issued**

Document ID: 26-SMCC-3998, for JOHN DOE POLICE OFFICERS 1-5

**Alias Summons Issued**

Document ID: 26-SMCC-3997, for IMAGE RECOVERY

**05/19/2026**

**Filing:**

PLAINTIFF'S NOTICE OF ADA ACCESS VIOLATIONS, COURT OFFICER MISCONDUCT, GENDER IDENTITY DISCRIMINATION, AND CLERK OBSTRUCTION AFFECTING PLAINTIFF'S ABILITY TO ACCESS THIS COURT (see filing for details)

**Filed By:** ADRIAN JOHNSON

**Filing:**

PLAINTIFF'S EMERGENCY SUPPLEMENT: GPS-CONFIRMED VEHICLE LOCATION, IMMINENT SALE RISK, AND CONTINUED MEDICAL EMERGENCY (see filing for details)

**Filed By:** ADRIAN JOHNSON

**Motion Filed**

PLAINTIFF'S EMERGENCY MOTION TO EXPEDITE RULING ON PENDING TEMPORARY RESTRAINING ORDER (see filing for details)

**Filed By:** ADRIAN JOHNSON

**Alias Summons Requested**

PLAINTIFF'S REQUEST FOR ISSUANCE OF SUMMONS (see filing for details)

**Filed By:** ADRIAN JOHNSON

**Filing:**

TRANSMITTAL OF PRO SE EMERGNECY FILINGS (see filing for details)

**Filed By:** ADRIAN JOHNSON

**05/04/2026**

**Jury Trial Scheduled**

**Scheduled For:** 10/19/2026; 9:00 AM; CHRISTOPHER EDWARD MCGRAUGH; City of St. Louis

**04/10/2026**

**Filing of Briefs**

PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF BOND WAIVER AND IMMEDIATE RETURN OF VEHICLE (see filing for details)

**Filed By:** ADRIAN JOHNSON

**04/09/2026**

**Proposed Order Filed**

PROPOSED ORDER GRANTING TEMPORARY RESTRAINING ORDER

**Ord Allow In Forma Pauperis**

**Confid Filing Info Sheet Filed**

**04/08/2026**

**Judge Assigned**

**Petition Filed - No Fees**