UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ADRIAN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:26-cv-00987-CMS |
| | ) | |
| BMW FINANCIAL SERVICES, LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORDANDUM AND ORDER

Before the Court is Defendant BMW Financial Services NA, LLC's Motion to Compel Arbitration. (Doc. 16). For the reasons set forth below, Defendant BMW's Motion is GRANTED. All counts of Plaintiff's Petition (Doc. 4) against Defendant BMW will be referred to arbitration. The Court will stay these proceedings as to Defendant BMW pending the completion of arbitration.

## BACKGROUND

Plaintiff Adrian Johnson leased a BMW vehicle financed through Defendant BMW. (Doc. 4 at 3). Plaintiff claims that on March 19, 2026, BMW and Defendant Image Recovery's agent attempted to repossess the vehicle while she was seated in the car. (Doc. 4 at 3). Plaintiff refused to exit the car, and the unnamed agent called local police. (Doc. 4 at 3). Plaintiff alleges the responding officers "threatened Plaintiff with arrest, physically removed Plaintiff from the vehicle, handcuffed Plaintiff, and searched both Plaintiff's person and her Vehicle." (Doc. 4 at 3-4).

1

Plaintiff filed a Petition in St. Louis County Circuit Court on April 8, 2026. (Doc. 4). The petition raised five claims against Defendants BMW, Image Recovery, and John Doe Police Officers 1-5: Wrongful Possession/Breach of Peace in violation RSMo § 400.9-609 (Count I); Conversion under Missouri state law (Count II); a 42 U.S.C. § 1983 State/Joint Action claim (Count III); Trespass to Chattel (Count IV); and Fraud/Misrepresentation (Count V). On June 22, 2026, Image Recovery removed the case to this Court. (Doc. 1).

Defendant BMW filed this Motion to Compel Arbitration and Stay Proceedings on June 30, 2026. (Doc. 16). BMW argues that Plaintiff entered a binding arbitration agreement with BMW on July 5, 2025. (Doc. 17 at 2). In support, BMW submitted an attested declaration that Plaintiff signed a lease with an arbitration provision. (Doc. 17-1). The arbitration provision states: "You agree that the provisions contained in this Arbitration Provision are part of the Lease. You acknowledge you read this Arbitration Agreement carefully before you signed the Lease." (Doc. 17-2 at 5). Immediately before Plaintiff's signature on the lease, the lease agreement states: "NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement." It also contains a warning that "[b]y signing below", "You have read all pages of this Lease carefully and agree to all of its terms, including but not limited to, the Arbitration Provision (Section 41)[.]" (Doc. 17-2 at 5). Finally, the arbitration provision

2

provides that either BMW or Plaintiff may elect to resolve any dispute[1] in binding arbitration. (Doc. 17-2 at 5).

**ANALYSIS**

*Legal Standards*

Defendant BMW seeks an order of the Court compelling arbitration of all five counts against BMW in Plaintiff's Petition under the Federal Arbitration Act ("FAA"). (Doc. 8). The FAA states, in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

"The FAA reflects a 'liberal federal policy favoring arbitration.'" *Williams v. Insomnia Cookies, LLC*, 715 F.Supp.3d 1205, 1209–10 (E.D. Mo. 2024) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). This Court's "'role under the FAA is . . . limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute.'" *Id.* at 1209 (quoting *Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004)).

---

[1] The arbitration clause defines "dispute" as: "any current or future claim or controversy, whether in contract, tort, statute or otherwise,  arising out of or related to the Lease (including, but not limited to, your application for and the solicitation, origination, servicing, collection or termination of the Lease; your relationship with us; the purchase or condition of the Vehicle; the Vehicle's warranty(ies); your possession and operation of the Vehicle; and the interpretation, enforceability and scope of this Arbitration Provision, except the Class Action Waiver)." (Doc. 17-2 at 5).

3

A motion to compel arbitration may be analyzed under either the standard for motions to dismiss under Fed. R. Civ. P. 12(b)(6) or the standard for summary judgment under Fed. R. Civ. P. 56. *Williams*, 715 F.Supp.3d at 1209–10 (citing *City of Benkelman, Neb. v. Baseline Eng'g Corp.*, 867 F.3d 875, 881 (8th Cir. 2017)). If a party presents evidence outside the pleadings, the motion is analyzed under the Rule 56 summary-judgment standard. *Id.* at 1210 (citing *City of Benkelman, Neb.*, 867 F.3d at 882). Here, Defendant BMW presented evidence outside the pleadings in support of its Motion to Compel Arbitration. *See generally*, (Doc. 17). Therefore, this Court will analyze the Motion under the Rule 56 summary-judgment standard.[2]

"Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Hunt v. Home Depot, Inc.*, 71 F.4th 673, 676 (8th Cir. 2023) (quotation omitted); *see also*, Fed. R. Civ. P. 56(a). The Court must view the record in the light most favorable to the nonmovant. *Williams*, 715 F.Supp.3d at 1210 (citing *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)).

Agreements to arbitrate are a "matter of contract." *Ballou v. Asset Mktg. Servs., LLC*, 46 F.4th 844, 851 (8th Cir. 2022). In deciding whether to compel arbitration, the

---

[2] Plaintiff never filed any response to Defendant BMW's Motion to Compel Arbitration. Material facts not properly contested are accepted as true for purposes of summary judgment. *See Jones v. United Parcel Services, Inc.*, 461 F.3d 982, 991 (8th Cir. 2006) (finding district court "properly deemed defendants' statements admitted" when "plaintiffs failed to provide a pleading in accordance with the rules that controverted any of the movants' facts").

Eighth Circuit uses a two-part test. *Id.* First, the Court must consider whether there is a valid arbitration agreement. *Id.* Second, if a valid agreement exists, the Court then decides whether the claims are within the scope of the agreement. *Id.* Defendant bears the burden of proving a valid contract. *Id.* Whether a valid arbitration agreement is formed is determined from State rules of contract formation. *Id.* (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

*Arbitrability*

The Court must first determine which state's laws apply to the contract formation question. In a diversity case, the Court applies the forum state's choice-of-law rules. *See C.H. Robinson Worldwide, Inc. v. Traffic Tech, Inc.*, 60 F.4th 1144, 1149 (8th Cir. 2023). In Missouri, a "valid choice of law provision in a contract binds the parties." *State ex rel. McKeage v. Cordonnier*, 357 S.W.3d 597, 600 (Mo. 2012) (*en banc*) (citation omitted). The choice of law provision in the lease Plaintiff signed states that "the Lease shall be subject to the laws of the state of Lessor's place of business as set forth in Section 1" of the lease. (Doc. 17-2 at 6). The place of business of the lessor, Defendant BMW, is Minnesota and, therefore, Minnesota contract law applies.

Under Minnesota law, a contract requires "offer, acceptance, and consideration" to be formed. *Ballou v. Asset Marketing Services, LLC*, 46 F.4th 844, 851 (8th Cir. 2022) (citing *Pine River State Bank v. Mettille*, 333 N.W.2d 622, 625, 627 (Minn. 1983)). Here, Defendant BMW offered to lease the vehicle to Plaintiff. (Doc. 17-2). The terms and conditions of that contract contained the arbitration provision. (Doc. 17-2). And in signing the lease agreement, Plaintiff accepted that offer. (Doc. 17-2). Finally, both

5

parties provided consideration for this agreement: BMW agreed to lease the vehicle to Plaintiff, and Plaintiff agreed to pay BMW in 36 monthly installments. Therefore, a valid contract was formed.

Because the contract also contains a delegation provision, any question about whether Plaintiff's claims fall within the scope of the arbitration agreement is for the arbitrator to decide. A "delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement." *Rent-A-Ctr., West, Inc. v. Jackson*, 561 U.S. 63, 68 (2010). The United States Supreme Court has "recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Id.* at 68–69. "An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce," and is subject to the FAA in the same way as the rest of the arbitration agreement. *Id.* at 70. Delegation clauses are valid under Section 2 of the FAA, "save upon such grounds as exist at law or in equity for the revocation of any contract."

Here, with the delegation clause, there was a mutual agreement to arbitrate preliminary questions, including the "interpretation, enforceability, and scope of this Arbitration Provision." (Doc. 17-1 at 5). As discussed above, there was a valid contract formed as to the arbitration provision as a whole because there was offer, acceptance, and consideration. The same goes for the delegation clause. For this reason, questions of interpretation, enforceability, and scope of this arbitration provision will be referred to the

6

arbitrator. This Court will also stay the proceedings against Defendant BMW pending arbitration. *See* 9 U.S.C. § 3.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant BMW's Motion to Compel Arbitration and Stay Proceedings (Doc. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant BMW are **STAYED** pending arbitration.

**IT IS FURTHER ORDERED** that all of Plaintiff's pending motions, including Docs. 5, 6, 7, 9, 10, 21, 22, and 36, are **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that the parties shall notify the Court within ten (10) days of the completion of the arbitration proceeding.

Dated this 17th day of July 2026.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE

7