**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ADRIAN JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **No. 4:26-cv-00987-CMS** |
| | ) | |
| **BMW FINANCIAL SERVICES, LLC,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORDANDUM AND ORDER

Before the Court is Defendant Image Recovery's Motion to Compel Arbitration (Doc. 29). For the reasons set forth below, Defendant Image Recovery's Motion is GRANTED. All counts of Plaintiff's Petition (Doc. 4) against Defendant Image Recovery will be referred to arbitration. The Court will stay these proceedings as to Defendant Image Recovery pending the completion of arbitration.

## BACKGROUND

Plaintiff Adrian Johnson leased a BMW vehicle financed through Defendant BMW. (Doc. 4 at 3). Plaintiff claims that on March 19, 2026, BMW and Defendant Image Recovery's agent attempted to repossess the vehicle while she was seated in the car. (Doc. 4 at 3). Plaintiff refused to exit the car, and the unnamed agent called local police. (Doc. 4 at 3). Plaintiff alleges the responding officers "threatened Plaintiff with arrest, physically removed Plaintiff from the vehicle, handcuffed Plaintiff, and searched both Plaintiff's person and her Vehicle." (Doc. 4 at 3-4).

1

Plaintiff filed a Petition in St. Louis County Circuit Court on April 8, 2026. (Doc. 4). The petition raised five claims against Defendants BMW, Image Recovery, and John Doe Police Officers 1-5: Wrongful Possession/Breach of Peace in violation RSMo § 400.9-609 (Count I); Conversion under Missouri state law (Count II); a 42 U.S.C. § 1983 State/Joint Action claim (Count III); Trespass to Chattel (Count IV); and Fraud/Misrepresentation (Count V). On June 22, 2026, Image Recovery removed the case to this Court. (Doc. 1).

Defendant Image Recovery filed its answer on June 30, 2026. Defendant Image Recovery alleged that "Plaintiff's claims may be subject to a mandatory and binding arbitration provision." (Doc. 14 at 9).

Defendant BMW filed a Motion to Compel Arbitration and Stay Proceedings that same day (Doc. 16). In that motion, Defendant BMW argued that Plaintiff entered a binding arbitration agreement with BMW on July 5, 2025. (Doc. 17 at 2). In support, BMW submitted an attested declaration that Plaintiff signed a lease with an arbitration provision. (Doc. 17-1). The arbitration provision states: "You agree that the provisions contained in this Arbitration Provision are part of the Lease. You acknowledge you read this Arbitration Agreement carefully before you signed the Lease." (Doc. 17-2 at 5). Immediately before Plaintiff's signature on the lease, the lease agreement states: "NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement." It also contains a warning that "[b]y signing below", "[y]ou have read all pages of this Lease carefully and agree to all of its terms, including but not limited to, the Arbitration Provision (Section 41)[.]" (Doc. 17-2 at 5).

2

The arbitration provision defines "we" and "us" as the "Assignee (BMW FS or Financial Services Vehicle Trust…), and its corporate parents, subsidiaries, affiliates (including BMW of North America, LLC) and related persons or entities; and lessor." (Doc. 17-2 at 5). Finally, the arbitration provision provides that either "you or we" may elect to resolve any dispute[1] in binding arbitration. (Doc. 17-2 at 5).

On July 14, 2026, Defendant Image Recovery filed its own Motion to Compel Arbitration. (Doc. 29). According to Defendant Image Recovery, all of Plaintiff's claims against it also are subject to mandatory arbitration as a "related person[ ] or entit[y]." (Doc. 29 at 2-3). In response, Plaintiff argued that Defendant Image Recovery had waived its right to compel arbitration. (Doc. 30).

In a July 17, 2026, order, (Doc. 37), this Court granted Defendant BMW's Motion to Compel Arbitration. This Court determined that Minnesota law governed the question of contract formation, found that Defendant BMW and Plaintiff had entered into a valid contract containing an arbitration agreement and delegation clause, and that any question as to the scope of the arbitration agreement would be settled by an arbitrator pursuant to the delegation clause. (Doc. 37).

---

[1] The arbitration clause defines "dispute" as: "any current or future claim or controversy, whether in contract, tort, statute or otherwise,  arising out of or related to the Lease (including, but not limited to, your application for and the solicitation, origination, servicing, collection or termination of the Lease; your relationship with us; the purchase or condition of the Vehicle; the Vehicle's warranty(ies); your possession and operation of the Vehicle; and the interpretation, enforceability and scope of this Arbitration Provision, except the Class Action Waiver)." (Doc. 17-2 at 5).

## ANALYSIS

### *Legal Standards*

Defendant Image Recovery seeks an order of the Court compelling arbitration of all five counts against Image Recovery in Plaintiff's Petition under the Federal Arbitration Act ("FAA"). (Doc. 29). The FAA states, in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

"The FAA reflects a 'liberal federal policy favoring arbitration.'" *Williams v. Insomnia Cookies, LLC*, 715 F.Supp.3d 1205, 1209–10 (E.D. Mo. 2024) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). This Court's "'role under the FAA is . . . limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute.'" *Id.* at 1209 (quoting *Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004)).

A motion to compel arbitration may be analyzed under either the standard for motions to dismiss under Fed. R. Civ. P. 12(b)(6) or the standard for summary judgment under Fed. R. Civ. P. 56. *Williams*, 715 F.Supp.3d at 1209–10 (citing *City of Benkelman, Neb. v. Baseline Eng'g Corp.*, 867 F.3d 875, 881 (8th Cir. 2017)). If a party presents evidence outside the pleadings, the motion is analyzed under the Rule 56 summary-judgment standard. *Id.* at 1210 (citing *City of Benkelman, Neb.*, 867 F.3d at 882). Here, Defendant Image Recovery presents evidence outside the pleadings in support of its

4

Motion to Compel Arbitration. *See generally*, (Docs. 29, 38). Therefore, this Court will analyze the Motion under the Rule 56 summary-judgment standard.

"Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Hunt v. Home Depot, Inc.*, 71 F.4th 673, 676 (8th Cir. 2023) (quotation omitted); *see also*, Fed. R. Civ. P. 56(a). The Court must view the record in the light most favorable to the nonmovant. *Williams*, 715 F.Supp.3d at 1210 (citing *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)).

Agreements to arbitrate are a "matter of contract." *Ballou v. Asset Mktg. Servs., LLC*, 46 F.4th 844, 851 (8th Cir. 2022). In deciding whether to compel arbitration, the Eighth Circuit uses a two-part test. *Id.* First, the Court must consider whether there is a valid arbitration agreement. *Id.* Second, if a valid agreement exists, the Court then decides whether the claims are within the scope of the agreement. *Id.* Defendant bears the burden of proving a valid contract. *Id.* Whether a valid arbitration agreement is formed is determined from State rules of contract formation. *Id.* (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

*Arbitrability*

Plaintiff's only response to Defendant Image Recovery's Motion to Compel Arbitration is that Image Recovery waived its right to arbitration. Plaintiff does not challenge the validity of the arbitration provision or delegation clause. (Doc. 30). In any event, this Court already has held in this case that Defendant BMW and Plaintiff entered into a valid contract containing the arbitration agreement and delegation clause, and that

5

any question as to the scope of the arbitration agreement would be settled by an arbitrator pursuant to the delegation clause. (Doc. 37). The Court will not address these issues again here.

"Waiver is the intentional relinquishment or abandonment of a known right." *Lackie Drug Store, Inc. v. Optum Rx, Inc.*, 143 F.4th 985, 993 (8th Cir. 2025) (quoting *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022)) (citation modified). "To evaluate whether a party has 'intentional[ly] relinquish[ed] or abandon[ed]' the right to arbitration, courts must determine whether it (1) knew of its 'existing right' and (2) acted 'inconsistently with' it." *Id.* (quoting *Parker v. Kearney Sch. Dist.,* 130 F.4th 649, 654 (8th Cir. 2025)).

First, the uncontroverted material facts establish that Defendant Image Recovery did not learn about the arbitration agreement until June 30, 2026. With its Reply, Image Recovery attached the sworn declaration of its president, Ian Zarvos. (Doc. 38-1). Mr. Zarvos attests that Image Recovery first saw a copy of the lease between Defendant BMW and Plaintiff Johnson on June 30, 2026. (Doc. 38-1). Before that date, Image Recovery did not have a copy of the lease. (Doc. 38-1). Admittedly, Plaintiff did preemptively argue, without support, that Image Recovery had possessed the relevant lease "since the inception of this dispute." (Doc. 30 at 3). But self-serving, conclusory statements without support are not enough to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir.1993). Therefore, the Court finds, pursuant to the uncontroverted facts, that Defendant Image Recovery first learned of its right to arbitrate on June 30, 2026.

Defendant Image Recovery acted consistently with the right to arbitrate upon discovering that right. "A party acts inconsistently with its right to arbitrate if the party substantially invokes the litigation machinery before asserting its arbitration right." *Parker*, 130 F.4th at 655 (quoting *Lewallen v. Green Tree Servicing, LLC*, 487 F.3d 1085, 1090 (8th Cir. 2007)) (citation modified). To preserve the right to arbitration, a party must do "all it could reasonably have been expected to do to make the earliest feasible determination" to protect that right. *Lackie Drug Store*, 143 F.4th at 994 (quoting *Lewallen*, 487 F.3d at 1091). Invoking the machinery of litigation involves, "for example, ... fil[ing] a lawsuit on arbitrable claims, engag[ing] in extensive discovery, or fail[ing] to move to compel arbitration and stay litigation in a timely manner." *Parker*, 130 F.4th at 655 (quoting *Lewallen*, 487 at 1090).

Defendant Image Recovery did none of these things. Defendant Image Recovery did not file counterclaims against Plaintiff or engage in any discovery.[2] Nor did Defendant Image Recovery file any dispositive motions asking this Court to resolve the dispute before requesting that this case be sent to arbitration. In fact, Defendant Image Recovery moved to compel arbitration within 14 days of learning of its right to arbitration. (Doc. 29). And Defendant Image Recovery did so before the Court ruled on

---

[2] To be sure, Defendant Image Recovery did file a slew of pleadings before asserting its right to arbitration. (Docs. 24-28). But those pleadings were timely responses to Plaintiff's various motions, including "emergency" motions. *See* (Doc. 25) (responding to Plaintiff's Emergency Motion for Immediate Release of Plaintiff's Personal Property from Vehicle); (Doc. 26) (responding to Plaintiff's Emergency Motion for Ex Parte Order of Replevin and Request for Same-Day Hearing); (Doc. 27) (responding to Plaintiff's Emergency Motion to Expedite Ruling on Pending Temporary Restraining Order).

Defendant BMW's similar Motion to Compel Arbitration. (Doc. 37). In short, this is not a case where Defendant Image Recovery had "a chance to preview the district court's thinking" before it moved to compel arbitration. *In Re Pawn America Consumer Data Breach Litigation,* 108 F.4th 610, 615 (8th Cir. 2024)

Because Defendant Image Recovery did not waive its right to arbitration, the Court refers this case to arbitration. The Court will also stay the proceedings against Defendant Image Recovery pending arbitration. *See* 9 U.S.C. § 3.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Image Recovery's Motion to Compel Arbitration (Doc. 29) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Image Recovery are **STAYED** pending arbitration.

**IT IS FINALLY ORDERED** that the parties shall notify the Court within ten (10) days of the completion of the arbitration proceeding**.**

Dated this 29th day of July 2026.

_____

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE

8